Our next case for argument is Brown v. Cach. Mr. Camarena. Your Honors, opposing counsel, may it please the Court, my name is Paolo Camarena and I am the appellant's counsel in this case. This is a consumer protection case and it presents an issue about how the Fair Debt Collection Practices Act interplays with the case and controversy requirement of Article 3 of the United States Constitution. This case presents a fairly simple question and I would phrase that question in this way. When plaintiffs present evidence that they are self-employed and that they were caused to interrupt their self-employment because of a defendant's illegal conduct, have the plaintiffs presented evidence that they have an injury that will grant them standing pursuant to the case and controversy requirement of Article 3? Case laws that have addressed this issue have all answered yes, that they have presented. What does the record show about what Brown's self-employment was? It has her affidavit. Your Honor, it doesn't state the type of self-employment that she had. What does the record show about how the income changed as a result of this act? It doesn't have any information on that, Your Honor. The district court invited your client to provide that kind of information and your client chose not to. What should the consequence of that be? Your Honor, the district court asked the plaintiff in this case to provide information with respect to standing. The district court didn't specify anything with respect to her employment. Other cases that have looked at this exact same issue have held that it's a reasonable inference to make. Any court of appeals? No, Your Honor.  As far as I know, Your Honor, no court of appeals, but there's been at least three district courts in Northern District of Illinois who have held under the exact same circumstances. Why not put in the evidence when the district court specifically asks for it? You knew standing was at issue and the district court, correctly so, invited you to supplement the record and address why you have standing, and your response was essentially, no, I'm not going to give you anything else other than this affidavit. Your Honor, when this issue had been raised by the district court, there had already been several cases that had dealt with this, and those three cases have all said that that's... But there were also, if you're referring to the district court cases, there are multiple cases up here, and after transunion, making it very clear that just a violation of the statute isn't enough, that you need to show some concrete injury. That's absolutely right, Your Honor, and that's exactly what the op-elite points out. What is the injury here? The injury is time was taken away from their self-employment. And what's the harm? The harm is, as Judge Connelly pointed out in Brown v. Weisenberg, it is a reasonable inference to make that when someone is self-employed and they have to take time away from their self-employment to deal with an illegal conduct. But in that case, I believe we knew what the self-employment was. I must say I don't understand why it's a reasonable inference. Suppose the plaintiff is self-employed as a writer of novels, right? She might show that it took longer to write the next novel and postponed her next payment. That would be something one might be able to show, but having chosen not to show anything, it's very difficult to see how it's different from deciding to spend a half an hour watching a TV show. I understand, Your Honor, and it's certainly possible that the truer of fact can look at this circumstance and say that there hasn't been, they don't believe that the plaintiff would have lost money, would have been out money. I gave you the example for a reason. There are famous novelists who, for their whole careers, worked every morning tirelessly, right, turning out 40 pages a day, and then in the afternoon they had plenty of free time. So if there was an interruption in the morning time, it might be serious. Interruption in the afternoon would not be serious. You could figure that out with an affidavit or some other explanation, but with nothing. Your Honor, I would give the example of how lawyers typically operate. We're used to working with the billable hour, and I recognize that if I spend six minutes— Is Brown a lawyer? No, Your Honor, but— Does she work by the billable hour? There isn't any evidence. There's no evidence. There isn't evidence, but whether she's an Uber driver or a lawyer, the principle stands in that if I spend six minutes taking care of my children or six minutes watching the television show or six minutes dealing with a false statement by a debt collector, that's six minutes that I can't spend billing a client or driving a ride if I were an Uber driver. So it's a reasonable— we might be in a different position. Yes, Your Honor. The three other courts I had— It would be really interesting if you submitted evidence that she was an Uber driver who missed a call as a result of this. Yes. But, of course, there's nothing. Well, Your Honor, the three courts that have already addressed this issue— District courts' decisions are worth nothing on appeal. We have to follow the decisions of the Supreme Court of the United States, and we're sometimes influenced by the decisions of other courts of appeals. Yes, Your Honor, absolutely. The district court's decisions are not binding on this court, but they may be persuasive. And the three courts that have dealt with this— and no other courts, as far as I can tell, has addressed this issue, and the defendant hasn't pointed out any other courts that have addressed this issue. But every court that has addressed this issue has said that a claim of self-employment coupled with a claim that that self-employment had been interrupted can lead to a reasonable inference that the plaintiff had lost money because of the defendant's illegal conduct. If the court doesn't have any questions, I will reserve my time for rebuttal. Certainty counsel. Mr. Foster. Good morning, Your Honors. May it please the Court. My name is Nabeel Foster. I'm here representing CACH. This case really deals with a gap in the record. And a gap in the record that becomes significant regarding the increasing burden of proof that a party has, a party who invokes the jurisdiction of the federal court, has the burden to meet the Article III standing. And that's what in the Julian v. Defenders of Wildlife— I think I'm pronouncing it correctly. I think it's Lugen. I think I may be partially dyslexic. Apologies. And that case, the quote that I remember from it is that the burden of the plaintiff increases with the stage of the litigation. So I think the quote is, with the manner and degree of evidence required at the successive stages of litigation. I think a lot of the cases that my opponent has cited deal with motions to dismiss. And we know the standard on 12b-6 is taking allegations— This is actually a 12b-1 problem. Excuse me, 12b-1. You're correct, Your Honor. 12b-1. And in 12b-1, the district court can make findings of fact. It's not bound by the allegations of the complaint. Yes, Your Honor. And in this case, we are at the stage of summary judgment, which is famously the put-up-or-shut-off moment in a case. And in this particular case, there was nothing to support the allegation of the value of the lost time. Certainly, there have been district courts that have found that lost time could be, Your Honor, if you pointed out an author who writes at a particular time of the day but then takes that time off, who's to say that particular time resulted in an actual concrete injury? In this case, there's nothing to support the allegation of the lost time. I don't think I have a great deal more other than to say that I think Judge Dow and Judge Gettleman, they've taken the instructions from this court to heart, and they are the ones who spotted this issue early on and required the additional supplemental briefing. And Judge Gettleman's opinion, I think, is spot-on. So unless the court has any particular questions, I'd say that the district court's opinion should be affirmed. Thank you, Mr. Polster. Anything further, Mr. Cameron? Your Honor, if I may for a moment, I would point out that Judge Gettleman stated that there was no evidence in the record to support her claim that she had lost money. I would have to take issue with that because while there can certainly be an argument that there was inconsistent evidence with respect to this, it can't be said that there was no evidence because she did submit her affidavit stating that she's self-employed, that she interrupted her self-employment, and had the defendant not made a false statement, she would have simply tossed that letter into the garbage. So I'd ask the court to consider that. And if the court doesn't have any other questions, I will address them. Thank you, counsel. The case is taken under advisement.